UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No.:

KRISTEN STARCK

    Plaintiff,

v.

OMNI CREDIT SERVICES OF FLORIDA, INC., a Florida Corporation

    Defendant

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### VENUE

3. Venue is proper in this District.

4. The acts and transactions occurred in this District.

5. The Plaintiff resides in this District.

6. The Defendant transacts business in this Judicial District.

7. The Defendant is a registered corporation with the Colorado Secretary of State, having a registered agent at 44 Cook Street, Suite 100, Denver, CO 80206.

## PARTIES

8. Plaintiff Kristen Starck is a natural person who resides in the City of Loveland, County of Larimer, State of Colorado, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant OMNI CREDIT SERVICES OF FLORIDA, INC., (hereinafter "Defendant") is a Florida corporation operating from an address of 4710 Eisenhower Blvd. #B-3, Tampa, Florida 33634 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Sometime prior to January 14, 2011, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from the Plaintiff.

12. Beginning on January 14, 2011 the Defendant sent a demand letter to the Plaintiff alleging that the Plaintiff owed the Defendant $17,239.50.

13. The Plaintiff has no business relationship with the Defendant, and has never had a business relationship with the Defendant.

14. Upon receiving the letter from the Defendant, the Plaintiff contacted the Defendant.

15. The Defendant advised the Plaintiff that the debt they were attempting to collect was for a former debt that was discharged in a foreclosure action, belonging to the Plaintiff's former wife, who lives in Washington State.

16. The Plaintiff told the Defendant to not have any further contact with him, that he had no contact with his former wife and was not interested in her debt.

17. The letter sent to the Plaintiff gives an address of a "Local Office" and lists that address as Colorado Manager, Inc., 80 Garden Center, Suite 3, Broomfield, CO 80020, with a local telephone number (303) 920-4763.

18. When the listed telephone number is called there is no indication that the number is associated with Omni Credit Services of Florida, Inc., leading an average consumer to be confused as to who collection communication is from.

19. The FDCPA prohibits a debt collector from using false, misleading or deceptive representation or means in connection with debt collection, see 15 U.S.C.§1692e.

20. Violations of 15 U.S.C. §1962e should be evaluated from the prospective of the "least sophisticated consumer." *Jeter v. Credit Bureau, Inc*., 760 F.2d 1168 (11th Cir. 1985).The FDCPA is remedial statute to be liberally construed in favor of the consumer. *Johnson v. Riddle*, 305 F.3d 1107 (10th Cir. 2002).

21. To prohibit deceptive practices, the FDCPA, prohibits conduct by debt collectors using false, deceptive, and misleading collection letters and names a non-exhaustive list of certain per se violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16).

22. At no time subsequent to the initial letter dated January 14, 2011 has the Defendant followed up with a 30 day notice as required by 15 U.S.C. 1692§g.

23. Notwithstanding the demand by the Plaintiff to cease further communication, the Defendant has launched into a harassing telephone contact campaign targeting the Plaintiff's cellular telephone number.

24. The Defendant contacts the Plaintiff several times per day, several days per week.

25. The Plaintiff feels harassed and threatened by the ongoing telephone calls.

26. The FDCPA 15 U.S.C. §1692d prohibits a debt collector from engaging in conduct that is harassing, oppressive or threatening.

27. Plaintiff believes that the telephone calls are being placed by numerous employee/agents of the Defendant. The actual identity of the employee/agents will be determined though the discovery process and the Plaintiff reserves his right to name additional Defendants as this information develops.

28. The actions of the Defendant have caused emotional and financial hardship on the Plaintiff and therefore were a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §1692d, 1692e, 1692e(11), 1692f and 1692g, amongst others.

### *Respondeat Superior Liability*

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The acts and omissions of the individual collector, as an agent employed by Defendant, who communicated with Plaintiff as further described herein, was committed within the time and space limits of the agency relationship with his principal, Defendant.

31. The acts and omissions by this individual employee was incidental to, or of the same general nature as, the responsibilities this agent was authorized to perform by Defendant in collecting consumer debts.

32. By committing these acts and omissions against Plaintiff, this individual collector was motivated to benefit her principal, Defendant.

33. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law

by its collection employees, including but not limited to violations of the FDCPA and Colorado law, in their attempts to collect this debt from Plaintiff.

## CAUSES OF ACTION

### COUNT I.

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. § 1692 et seq.**

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

36. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

### TRIAL BY JURY

37. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7.  Fed.R.Civ.P. 38.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- For such other and further relief as may be just and proper.

Respectfully submitted,

 s/Troy D. Krenning
**Troy D. Krenning, Esq.**
Gookin, Krenning & Associates, LLC
501 N. Cleveland Avenue
Loveland, Colorado 80537
(970) 292-8290
Email: troydklaw@msn.com
**Attorney for Plaintiff**

 s/Jill Gookin
**Jill Gookin, Esq.**
Gookin, Krenning & Associates, LLC
501 N. Cleveland Avenue
Loveland, Colorado 80537
(970) 292-8290
Email: jill@gkalaw.com
**Attorney for Plaintiff**